O:\MAXWELL FILES\Facklis (business) (Show Dept)final decree\final decreemot RDS Boreray Fulton.doc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No. 10-42055 |
| SHOW DEPARTMENT, INC., *et al.*, | ) (Jointly Administered) |
| Debtors and Debtors in possession | ) Hon. Pamela S. Hollis |
| | ) Chapter 11 (confirmed plans) |
| | ) |
| | ) **Hearing Date:  December 16, 2014** |
| | ) **Hearing Time: 10:30 A.M. (C.D.T.)** |

## NOTICE OF MOTION

To:    See attached service list

PLEASE TAKE NOTICE that on December 16, 2014, at 10:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis in Courtroom 644, or such judge who may be sitting in her stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Debtor's Motion for Entry of an Order and Final Decree Closing Certain Cases,** at which time and place you may appear, if you so see fit.  A copy of the Motion is attached hereto and is herewith served upon.

>Andrew J. Maxwell (ARDC#1799150)
>Maxwell Law Group, LLC
>105 W. Adams, Suite 3200
>Chicago, IL 60603
>312/368-1138

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused a copy of the foregoing Notice and Motion to be served upon the United States Trustee (and any others having registered) pursuant to Section II (B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants (as shown on the print out from the Clerk of the Court, and served upon the other parties on the attached service by depositing same in the United States Mail, postage prepaid, on December 5, 2014.
   .

>By: */s/ Andrew J. Maxwell*

SERVICE LIST  (U.S. MAIL)

**RESOLUTION DIGITAL STUDIOS**
4 Star Courier Collective LLC
2040 N Milwaukee Avenue
Chicago, IL 60647

Shay Health Care Svs Inc
5730 W 159th Street
Oak Forest, IL 60452

COACTIV CAPITAL PARTNERS
Deeb Petrakis Blum & Murphy
1601 Market Street Ste 2600
Philadelphia, PA 19103

Sidney Lubitsch Productions Inc
2157 W Sunnyside Ave
Chicago, IL 60625

Johnston, Karen
10631 Connemara Ct
Mokena IL 60448

Honest Food Inc
5408 N Elston
Chicago, IL 60630

Baldwin, Kathleen
420 DuPahze St.
Naperville IL 6056

Andrew Dryer Cinematography Inc
3131 W Login Blvd #4C
Chicago, IL 60647

StS Productions, Inc
6828 W Palatine Ave
Chicago IL 60631

Community & Econ Dev Assoc.
208 S. LaSalle
Suite 1900
Chicago, IL 60604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                                  )
                                                        ) No. 10-42055
SHOW DEPARTMENT, INC., *et al.*,                        ) (Jointly Administered)
    Debtors and Debtors in possession               ) Hon. Pamela S. Hollis
                                                        ) Chapter 11 (confirmed plans)

**DEBTOR'S MOTION
FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING CERTAIN CASES**

Resolution Digital Studios, LLC ("RDS") , Debtor in case no. 10-42066, Boreray, LLC ("Boreray"), Debtor in case no. 10-54980, and 2201 W. Fulton, LLC ("Fulton"), Debtor in case no. 10-54977, by its counsel for this case, states the following as Debtor's Motion For Entry of an Order and Final Decree Closing Certain Cases ("Motion"):

**JURISDICTION**

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A). Venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  This basis for relief requested herein are §§ 105(a) and 350 of Title 11 U.S.C. (as amended, the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 3022.

**BACKGROUND**

3.  These cases[1] were filed as voluntary petitions under Chapter 11 of the Bankruptcy Code on September 20, 2010. Pursuant to § 1107(a) and 1108, each of the Debtors remained in

---

[1] The pending bankruptcy cases of Show Department, Inc.("Show Department" or "SDI"), Resolution Digital Studios, LLC ("RDS") (No. 10-42066), 2201 West Fulton, LLC ("Fulton")

possession of its property and continued to operate its business and conduct its financial affairs as a Debtor-in-Possession pursuant to the provisions of the Bankruptcy Code. No creditors' committee has been appointed and no trustee or examiner has been appointed.[2]

4.  .Following a contested "cram down" plan hearing on December 1-2, 2011, each of the Debtors confirmed a plan of reorganization over the objections of American Chartered Bank ("ACB"). The orders of confirmation were dated December 15, 2011.[3] The Effective Date of each of the four plans was January 1, 2012. The plans for the three business entities, excluding Fulton, provided for reorganization into a single entity known as OPS 3, LLC. The plan for Fulton reorganized the existing entity. The plan generally provides for payment from Debtor's cash flow over a period of time.

---

(No. 10-54977) and Boreray, LLC ("Boreray")(No. 10-54980) are being jointly administered pursuant to previous orders entered by this Court and entries are made on the Show Department docket in case no. 10-42055. Notwithstanding the different filing dates, the four entities are generally referred to as Debtors although Fulton and Boreray were not "debtors" until those two cases were filed in December 2010. The factual background relating to the Debtors' commencement of these cases is set forth in greater detail in Debtor's Motion for Authority to Use Cash Collateral and For Other Relief ("Cash Collateral Motion") (Docket No. 6) and is incorporated herein by reference.

[2] The factual background relating to the Debtors' commencement of these cases is set forth in greater detail in Debtor's Motion for Authority to Use Cash Collateral and For Other Relief ("Cash Collateral Motion") (Docket No. 6) and is incorporated herein by reference.

[3] The plans confirmed included SDI's Third Modified Plan of Reorganization (Docket No. 246) ("SDI Plan"); RDS' Second Modified Plan of Reorganization (Docket No. 255) ("RDS Plan"); Boreray's Second Modified Plan of Reorganization (Docket No. 257) ("Boreray Plan"); and Fulton's Second Modified Plan of Reorganization (Docket No. 248) ("Fulton Plan") (all of Debtors' Chapter 11 plans are sometimes collectively referred to as the "Plans"). Individual Order Confirming Third Modified Chapter 11 Plan of Show Department, Inc. (docket 559); Order Confirming Third Modified Chapter 11 Plan of Show Department, Inc. (docket 559); b)
b)orders were entered, including a) Order Confirming Third Modified Chapter 11 Plan of Show Department, Inc. (docket 559); b) Order Confirming Second Modified Chapter 11 Plan of Boreray, Inc... (docket 560); c) Order Confirming Second Modified Chapter 11 Plan of Resolution Digital Studios, LLC (docket 561); and d) Order Confirming Second Modified Chapter 11 Plan of 2201 West Fulton, LLC (docket 562).

**STATUS OF THE CASE**

5.      Since the Effective Date of the plans, a very brief status is as follows:

A.      *Funds*: As of the date of this Motion, Ops3 has made payments according to the various plans including RDS and Boreray; Fulton has made payments on its own plan. Ops3 has made and continues to make payments to administrative claims on account of fees, to ACB on account of its secured debts, and to ordinary business creditors and employees, if any, as part of its business. Fulton continues to make payments on the mortgage debt pursuant to its plan.

B..     *General Unsecured Claims and Priority Claims*. As of the date of this Motion, either the Court has expunged or the Debtor has allowed all unsecured and priority claims[4] against it. Distributions are to be made as forth in the Plan out of funds to be paid into the Plan by the Debtor.

C.      *Administrative Claims*. As of the date of this Motion, i) Debtor is slightly in arrears on quarterly fee payments to the United States Trustee, ii) Debtor owes allowed fees and expenses to his general counsel (allowed through December 31, 2011), and iii) Debtor owes fees and expenses to its general counsel that have not yet allowed by this Court.[5] Otherwise, there are no other known unresolved administrative claimants. Debtor anticipates that on or before entry of any order closing this case, that it will remit any remaining payments owed to the United States Trustee on the cases being closed. In addition, there is an adversary proceeding pending with the Chicago Moving Picture Operators' Union Local 110 of the I.A.T.S.E. and M.P.M.O. Severance Trust (collectively, the "Fund") which Debtor believes should remain pending until it is determined by this Court or otherwise finally resolved.

---

[4] This includes any claims that the Debtor has resolved with the individual claimant(s) without the need for an official objection to be filed.

D.  *Appeals*.  There is only one known appeal pending in regard to dismissal of a complaint against ACB and whether Lee and Jeff Facklis remained obligated on their guaranties after the Plan confirmations and whether the Wisconsin house owned by Jeff Facklis (now his Chapter 7 trustee)  remains subject to a mortgage lien in favor of ACB to secure its business debt. [6]

## RELIEF REQUESTED

6.  The Debtor requests that the Court issue a final decree closing this case as provided for in Bankruptcy Rule 3022.  The Debtor believes it has substantially complied with all requisite post-confirmation tasks imposed under the Plan.  The Debtor's business functions are being conducted by  a new entity as provided in its plan.

## BASIS FOR RELIEF

7.  § 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Federal Rule of Bankruptcy Procedure 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

---

[6] Jeffrey and Lee Facklis and the Reorganized Debtors, Ops 3 LLC and 2201 W. Fulton, LLC, filed an Adversary Complaint following the denial of ACB's Motion to Dismiss or Convert [Dkt 66] and ACB's objections [Dkt 81] to the first Disclosure Statement and Plan proposed by Jeff in his bankruptcy case no. 11-139.  The relief sought in the Adversary Proceeding, 12 A 01667, was largely denied by this Court's order entered May 8, 2013 (Dkt. 32 in 12-01667) and the Notice of Appeal was filed on May 10, 2013 [Dkt. 34 in 12-01667].  The Appeal is fully briefed and pending in the District Court.

8. Although the term "fully administered" is not defined by the Bankruptcy Code, the Advisory Notes to Federal Rule of Bankruptcy Procedure 3022 provides a non-exhaustive list of factors to be considered to determine whether a case has been fully administered.[7]

9. In this case, the Debtor believes its case has been fully administered within the meaning of § 350(a) of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing this case. In particular, the confirmation order has become final and non-appealable in January 2012. The Debtor or its successor has made payments of the United States Trustee quarterly fees, to its attorneys, and to ACB under the Plan. The Debtor believes the foregoing provides justification for entry of a final decree closing this case at this time.

### NOTICE

10. Debtor has provided at least seven (7) days notice of this motion to the United States Trustee and to all creditors having allowed claims in these three cases and to all others having registered pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants and if not possible it was made by other permissible means. Debtor respectfully requests this Court to shorten the notice period, deem service to be sufficient notice, and to waive any further notice requirement.

---

[7] These factors include (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been resolved. This list, however, is merely a guideline to aid this Court's determination and each of the factors need not be present before a court enters a final decree. See, *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr.N.D.Ill 1990).

WHEREFORE, _ Resolution Digital Studios, LLC ("RDS") , Debtor in case no. 10-42066, Boreray, LLC ("Boreray"), Debtor in case no. 10-54980, and 2201 W. Fulton, LLC ("Fulton"), Debtor in case no. 10-54977, pray this Court grant the relief sought herein and such other and further relief as this Court deems just and fair.

    Respectfully submitted,
Resolution Digital Studios, LLC , Debtor in case no. 10-42066, Boreray, LLC , Debtor in case no. 10-54980, and 2201 W. Fulton, LLC , Debtor in case no. 10-54977

By:/s/ *Andrew J. Maxwell*
    One of its attorneys

Andrew J. Maxwell (ARDC # 1799150)
Maxwell Law Group, LLC
105 West Adams, Suite 3200
Chicago, IL 60603
312/368-1138