O:\MAXWELL FILES\Facklis (business) (Show Dept)final decree\final decreemot SDI.doc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No. 10-42055 |
| SHOW DEPARTMENT, INC., *et al.*, | ) (Jointly Administered) |
|     Debtors and Debtors in possession | ) Hon. Pamela S. Hollis |
| | ) Chapter 11 (confirmed plans) |
| | ) |
| | ) **Hearing Date:  January 8, 2015** |
| | ) **Hearing Time: 10:00A.M. (C.D.T.)** |

## NOTICE OF MOTION

To:    See attached service list

    PLEASE TAKE NOTICE that on January 8, 2015, at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis in Courtroom 644, or such judge who may be sitting in her stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Debtor's Second Motion for Entry of an Order and Final Decree Closing Certain Cases,** at which time and place you may appear, if you so see fit.  A copy of the Motion is attached hereto and is herewith served upon.

                                          Andrew J. Maxwell (ARDC#1799150)
                                          Maxwell Law Group, LLC
                                          105 W. Adams, Suite 3200
                                          Chicago, IL 60603
                                          312/368-1138

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that he caused a copy of the foregoing Notice and Motion to be served upon the United States Trustee (and any others having registered) pursuant to Section II (B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants (as shown on the print out from the Clerk of the Court, and served upon the other parties on the attached service by depositing same in the United States Mail, postage prepaid, on December 24, 2014.
    .

                                          By: */s/ Andrew J. Maxwell*

# SERVICE LIST

McCarthy & Trinka, Inc
1000 Jorie Boulevard, #10A
Oak Brook IL 60523

Automated Lighting System ,LLC
1466 E. 168th St.
South Holland IL 60473

Powco, Inc
56165 Moorlag Road
Marcellus MI 49067
VIA US MAIL

Automatic Anodizing Company
3340 West Newport Ave.
Chicago IL 60618

Dell Financial Services
PO Box 5275
Carol Stream IL 60197-5275
VIA US MAIL

Elan Financial Services
as servicer for MB Financial Bank
P.O. Box 5229
Cincinnati, OH 45201

Elan Financial Services as servicer for
American Chartered Bank
P.O. Box 5229
Cincinnati, OH 45201-5229

Whitlow, Larry D.
2904 Columbine Cir
Valparaiso IN 46383

Blue Cross Blue Shield of Illinois
P.O. BOX 1186
Chicago IL 60690-1186
Via US Mail

Miller, John
1897 Applewood Dr
Wauconda IL 60084

AT&T Business Services
P.O. Box 5019
Carol Stream IL 60197-5019
VIA US MAIL

ACB -  Credit Card
Cardmember Services
P O Box 790408
St Louis MO 63179-0408
VIA US MAIL

VER /Chicago
3810 N. Carnation Street
Franklin Park IL 60131

ALG Worldwide Logistics, LLC
Admiral, Inc.
P.O. Box 66725
Chicago IL 60666-0725
VIA US MAIL

State Board of Equalization
Special Operations Branch, MIC:55
PO Box 942879
Sacramento, CA 94279-0055

COACTIV CAPITAL PARTNERS, INC.
655 Business Center Dr
Horsham, PA.19044

Event Engineering
2334 W. North Avenue
Chicago IL 60647

MB Financial Bank
Cardmember Services
P O Box 790408
St. Louis MO 63179-0408
Via US Mail

Penske Truck Leasing., L. P.
3900 N. Manheim Road
Franklin Park IL 60131
VIA US MAIL

Michael Salvatori
4 Ellyn Court
Glen Ellyn IL 60137
VIA US MAIL

CIT Technology Financing Svc.
1162 E Sonterra Blvd Ste 130
San Antonio, TX 78258

Russell Novak & Company
225 W. Illinois Street #300
Chicago IL 60610

AT & T Attorney: James Grudus
AT & T Inc.
One AT&T Way, Room 3A218
Bedminster, NJ 07921

ALG Worldwide Logistics, LLC
745 Dillon Drive
Wooddale, Illinois 60191

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No. 10-42055 |
| SHOW DEPARTMENT, INC., *et al.*, | ) (Jointly Administered) |
| Debtors and Debtors in possession | ) Hon. Pamela S. Hollis |
| | ) Chapter 11 (confirmed plans) |

**DEBTOR'S SECOND MOTION
FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING CERTAIN CASES**

Show Department, Inc. ("SDI" or "Show"), Debtor in case no. 10-42055, by its counsel for this case, states the following as Debtor's Second Motion For Entry of an Order and Final Decree Closing Certain Cases ("Motion"):

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A). Venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This basis for relief requested herein are §§ 105(a) and 350 of Title 11 U.S.C. (as amended, the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 3022.

**BACKGROUND**

3. These cases[1] were filed as voluntary petitions under Chapter 11 of the Bankruptcy Code on September 20, 2010. Pursuant to § 1107(a) and 1108, each of the Debtors remained in

---

[1] The bankruptcy cases of Show Department, Inc., Resolution Digital Studios, LLC ("RDS") (No. 10-42066), 2201 West Fulton, LLC ("Fulton") (No. 10-54977) and Boreray, LLC ("Boreray")(No. 10-54980) were jointly administered pursuant to previous orders entered by this Court and entries are made on the Show Department docket in case no. 10-42055. Notwithstanding the different filing dates, the four entities are generally referred to as Debtors although Fulton and Boreray were not "debtors" until those two cases were filed in December

possession of its property and continued to operate its business and conduct its financial affairs as a Debtor-in-Possession pursuant to the provisions of the Bankruptcy Code. No creditors' committee has been appointed and no trustee or examiner has been appointed.

4. Following a contested "cram down" plan hearing on December 1-2, 2011, each of the Debtors confirmed a plan of reorganization over the objections of American Chartered Bank ("ACB"). The orders of confirmation were dated December 15, 2011.[2] The Effective Date of each of the four plans was January 1, 2012. The plans for the three business entities, excluding Fulton, provided for reorganization into a single entity known as OPS 3, LLC. The plan for Fulton reorganized the existing entity. The plan generally provides for payment from Debtor's cash flow over a period of time.

5. Debtors filed Debtor's Motion For Entry of an Order and Final Decree Closing Certain Cases ("First Motion") which resulted in entry of orders dated on or about December 16, 2014, entering a final decree in regard to the RDS, Boreray and Fulton cases. Only the Show case remains open. Pursuant to colloquy in court on December 16, 2014, counsel for Show was

---

2010. The factual background relating to the Debtors' commencement of these cases is set forth in greater detail in Debtor's Motion for Authority to Use Cash Collateral and For Other Relief ("Cash Collateral Motion") (Docket No. 6) and is incorporated herein by reference.

[2] The plans confirmed included SDI's Third Modified Plan of Reorganization (Docket No. 246) ("SDI Plan"); RDS' Second Modified Plan of Reorganization (Docket No. 255) ("RDS Plan"); Boreray's Second Modified Plan of Reorganization (Docket No. 257) ("Boreray Plan"); and Fulton's Second Modified Plan of Reorganization (Docket No. 248) ("Fulton Plan") (all of Debtors' Chapter 11 plans are sometimes collectively referred to as the "Plans"). Individual Order Confirming Third Modified Chapter 11 Plan of Show Department, Inc. (docket 559); Order Confirming Third Modified Chapter 11 Plan of Show Department, Inc. (docket 559); b)
b) orders were entered, including a) Order Confirming Third Modified Chapter 11 Plan of Show Department, Inc. (docket 559); b) Order Confirming Second Modified Chapter 11 Plan of Boreray, Inc... (docket 560); c) Order Confirming Second Modified Chapter 11 Plan of Resolution Digital Studios, LLC (docket 561); and d) Order Confirming Second Modified Chapter 11 Plan of 2201 West Fulton, LLC (docket 562).

directed to file this Motion, notice it for presentation on January 8, 2015, but with verbiage to reflect that the Motion may be granted effective December 31, 2014, because the Court's schedule did not permit it to be presented prior to January 8.

## STATUS OF THE CASE

6. Since the Effective Date of the plans, a very brief status is as follows:

A. *Funds*: As of the date of this Motion, Ops3 has made payments according to the various plans including Show. Ops3 has made and continues to make payments to administrative claims on account of fees, to ACB on account of its secured debts, and to ordinary business creditors and employees, if any, as part of its business.

B.. *General Unsecured Claims and Priority Claims*. As of the date of this Motion, either the Court has expunged or the Debtor has allowed all unsecured and priority claims[3] against it. Distributions are to be made as forth in the Plan out of funds to be paid into the Plan by the Debtor.

C. *Administrative Claims*. As of the date of this Motion, i) Debtor is slightly in arrears on quarterly fee payments to the United States Trustee, ii) Debtor owes allowed fees and expenses to its general counsel (allowed through December 31, 2011) , and iii) Debtor owes fees and expenses to its general counsel that have not yet allowed by this Court.[4] Otherwise, there are no other known unresolved administrative claimants. Debtor anticipates that on or before entry of any order closing this case, that it will remit or make arrangements to remit any remaining payments owed to the United States Trustee on the cases being closed. In addition, there is an adversary proceeding pending with the Chicago Moving Picture Operators' Union

---

[3] This includes any claims that the Debtor has resolved with the individual claimant(s) without the need for an official objection to be filed.

Local 110 of the I.A.T.S.E. and M.P.M.O. Severance Trust (collectively, the "Fund") which Debtor believes should remain pending until it is determined by this Court or otherwise finally resolved. A tentative resolution was brokered in court on December 16 and is in process of being documented.

D.   *Appeals*.  There is only one known appeal pending in regard to dismissal of a complaint against ACB and whether Lee and Jeff Facklis remained obligated on their guaranties after the Plan confirmations and whether the Wisconsin house owned by Jeff Facklis (now his Chapter 7 trustee) remains subject to a mortgage lien in favor of ACB to secure its business debt. [5]

## RELIEF REQUESTED

7.   The Debtor requests that the Court issue a final decree closing this case as provided for in Bankruptcy Rule 3022. The Debtor believes it has substantially complied with all requisite post-confirmation tasks imposed under the Plan. The Debtor's business functions are being conducted by a new entity as provided in its plan.

## BASIS FOR RELIEF

8.   § 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Federal Rule of Bankruptcy Procedure 3022 further provides that "[a]fter an estate is fully administered

---

[5] Jeffrey and Lee Facklis and the Reorganized Debtors, Ops 3 LLC and 2201 W. Fulton, LLC, filed an Adversary Complaint following the denial of ACB's Motion to Dismiss or Convert [Dkt 66] and ACB's objections [Dkt 81] to the first Disclosure Statement and Plan proposed by Jeff in his bankruptcy case no. 11-139. The relief sought in the Adversary Proceeding, 12 A 01667, was largely denied by this Court's order entered May 8, 2013 (Dkt. 32 in 12-01667) and the Notice of Appeal was filed on May 10, 2013 [Dkt. 34 in 12-01667]. The Appeal is fully briefed and pending in the District Court.

Document      Page 7 of 8

in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

9.  Although the term "fully administered" is not defined by the Bankruptcy Code, the Advisory Notes to Federal Rule of Bankruptcy Procedure 3022 provides a non-exhaustive list of factors to be considered to determine whether a case has been fully administered.[6]

10.  In this case, the Debtor believes its case has been fully administered within the meaning of § 350(a) of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing this case.  In particular, the confirmation order has become final and non-appealable in January 2012.  The Debtor or its successor has made payments of the United States Trustee quarterly fees, to its attorneys, and to ACB under the Plan.  The Debtor believes the foregoing provides justification for entry of a final decree closing this case at this time.

## NOTICE

11.  Debtor has provided at least seven (7) days notice of this motion to the United States Trustee and to the twenty largest creditors having allowed claims in the Show case and to all others having registered pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants and if not possible it was made by other permissible means.  Debtor respectfully

---

[6] These factors include (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been resolved.  This list, however, is merely a guideline to aid this Court's determination and each of the factors need not be present before a court enters a final decree. See, *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr.N.D.Ill 1990).

requests this Court to shorten the notice period, deem service to be sufficient notice, and to waive any further notice requirement.

   WHEREFORE, Show Department, Inc. , Debtor in case no. 10-42055, prays this Court grant the relief sought herein and such other and further relief as this Court deems just and fair.

                   Respectfully submitted,
                   Show Department, Inc., Debtor in case no. 10-42055

                   By:*/s/ Andrew J. Maxwell*
                    One of its attorneys

Andrew J. Maxwell (ARDC # 1799150)
Maxwell Law Group, LLC
105 West Adams, Suite 3200
Chicago, IL 60603
312/368-1138